Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3598 | **DATE** | 8/12/2004 |
| **CASE TITLE** | Service Employees International vs. EMI Enterprises, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** We grant Defendants' motion to dismiss Local 4's complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 3 2004 | 8 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JD | courtroom deputy's initials | 2004 AUG 12 PM 5:15 Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SERVICE EMPLOYEES INTERNATIONAL ) 
UNION, LOCAL 4, )
)
                Plaintiff, )
)
v. )
) Case No. 04 C 3598
EMI ENTERPRISES, INC.; )
BOURBONNAIS TERRACE; )
BURNHAM TERRACE HEALTH CARE; )
EMERALD PARK HEALTH CARE CENTER, INC.; )
KANKAKEE TERRACE; and )
PRESIDENTIAL PAVILION, INC., )
)
                Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Service Employees International Union, Local 4 ("Local 4") filed a two-count complaint against Defendants EMI Enterprises, Inc. ("EMI"), Bourbonnais Terrace ("Bourbonnais"), Burnham Terrace Health Care ("Burnham"), Emerald Park Health Care Center, Inc., ("Emerald"), Kankakee Terrace ("Kankakee"), and Presidential Pavilion, Inc. ("Presidential"), seeking to enforce a settlement agreement entered into by the parties to resolve grievances arising under collective bargaining agreements between Local 4 and Defendants. Presently before us is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we grant Defendants' motion.[1]

## BACKGROUND

The following facts are taken from Local 4's complaint and are deemed true for the purposes of this motion. Defendants EMI, Burnham, Emerald, Kankakee, and Presidential are members of a multi-

---

[1] We have federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it is brought under the Labor Relations Management Act, 29 U.S.C. § 185.

employer collective bargaining association, the Illinois Association of Health Care Facilities ("Association"). The Association has a collective bargaining agreement with Plaintiff Local 4 ("Association Agreement"). Article Fifteen of the Association Agreement sets forth a three-step procedure for the resolution of "differences or disputes (unless otherwise provided for)" which may arise from the Agreement. At steps one and two, the employee and the union take up the grievance with the employer's representative and seek a settlement, which is "binding upon the Employer, the Union, and the aggrieved employee." If no settlement is reached at either level, the grievance is taken to arbitration where the "decision of the Arbitrator shall be final and binding upon the Employer, the Union, and the aggrieved employee."

Defendant Bourbonnais and Local 4 are parties to a separate collective bargaining agreement ("Bourbonnais Agreement"). Article XIX of the Bourbonnais Agreement has a four-step grievance procedure, culminating in "final and binding" arbitration when the matter cannot be settled at the earlier levels.

Between July 2 and August 1, 2002, Local 4 filed grievances pursuant to the grievance resolution provisions of the Association and Bourbonnais Agreements ("Agreements"), protesting Defendants' failure to comply with the terms of the Agreements, including, but not limited to, the failure to provide negotiated wage increases. The grievances advanced through the Agreements' respective grievance procedures to the final and binding step of arbitration. At that point, Local 4 and Defendants agreed to consolidate the two grievances.

On October 20, 2003, prior to the arbitration hearing on the consolidated grievances, Local 4 and Defendants settled. Defendants agreed to: provide make-whole relief for all adversely affected employees; implement the wage increases set forth in the Agreements for all bargaining unit employees on or before January 1, 2004; cease making deductions from employees' paychecks for health insurance

2

premiums; and provide Local 4 with the information necessary to calculate make-whole relief. Defendants have failed to comply with the terms of the settlement agreement.

On May 24, 2004, Local 4 filed a two-count complaint against Defendants. In Count I, brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, (hereinafter referred to § 301), Plaintiff alleges that the Defendants breached the Agreements by failing to comply with the terms of the settlement agreement. In Count II, Plaintiff alleges a common law breach of contract claim based on the Defendants' alleged failure to comply with the terms of the settlement agreement. Defendants now move to dismiss the complaint because: (1) the common law breach of contract claim is preempted by Section 301 of the LMRA and (2) the settlement agreement is subject to the grievance procedures of the Agreements, including arbitration, and Local 4 failed to exhaust such procedures.

## ANALYSIS

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir 1990). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied* 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### I. Section 301 Preemption

Defendants contend that Local 4's common law breach of contract claim should be dismissed because it is completely preempted by § 301 of the LMRA. Section 301 confers original jurisdiction

in federal district courts for suits alleging a violation of contracts between an employer and a labor organization and "also authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Loewen Group Int'l, Inc.*, 65 F.3d 1417, 1421 (7th Cir. 1995) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988)). To ensure uniform interpretation of collective bargaining agreements, § 301 preempts state law claims that are "substantially dependent upon the analysis of the terms of an agreement made between the parties in a labor contract." *Tifft v. Commonwealth Edison Co.*, 366 F.3d 513, 516 (7th Cir. 2004) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). However, § 301 does not preempt all disputes involving a collective bargaining agreement. *Loewen*, 65 F.3d at 1421. Preemption will not occur when a state law claim requires mere reference to a collective bargaining agreement. *Tifft*, 366 F.3d at 516 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)). Instead, § 301 will have preemptive force when a claim is founded on rights created by a collective bargaining agreement, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987), and when the resolution of a state law claim "depends on the meaning of, or interpretation of, a collective bargaining agreement." *Loewen*, 65 F.3d at 1421 (citing *Lingle*, 486 U.S. at 405-06).

Local 4 argues that its common law breach of contract claim should not suffer § 301 preemption because the settlement agreement only refers to provisions of the Agreements and because resolution of its contract claim will not require an "interpretation" of the Agreements. The Seventh Circuit has stated that a state law claim is preempted when "it is meaningless without reference to the agreements which articulate the Defendants' obligations toward" the plaintiffs. *Tifft*, 366 F.3d at 519 (citations omitted); *see also Hunt v. Pepsico*, No. 03-C-7151, 2004 WL 1114592, at *8 (N.D. Ill. May 21, 2004). Local 4's breach of the settlement agreement claim is meaningless without reference to the collective bargaining agreements themselves because the settlement agreement resolved issues arising from

4

Defendants' breach of the collective bargaining agreements.[2] In fact, Local 4 states in its complaint that "[d]efendants' failure to comply with the grievance settlement is a breach of the Association Agreement and Bourbonnais Agreement." Therefore, we dismiss Local 4's common law breach of contract claim because it is preempted by § 301 of the LRMA.

## II.  Failure to Exhaust Administrative Remedies

Since we concluded that Local 4 only may bring a claim under § 301, we must now consider whether it can maintain such an action. Defendants argue that Local 4's § 301 claim should be dismissed because Local 4 failed to exhaust administrative remedies available under the Agreements. Federal labor law mandates "that employees must exhaust grievance and arbitration remedies provided in a collective bargaining agreement before filing a [§ 301] suit." *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 501 (7th Cir. 1996) (citations omitted); *see also Duerr*, 101 F. Supp.2d at 1061. Moreover, the Seventh Circuit has stated:

> [A] settlement agreement is an arbitrable subject when the underlying dispute is arbitrable, except in circumstances where the parties expressly exclude the settlement agreement from being arbitrated. To hold otherwise could eviscerate the usefulness of settlements reached in grievance and arbitration settings, by complicating what should be a relatively simple and cheap procedure. If the parties desire that a settlement agreement should not be arbitrable they may so prescribe. We simply agree . . . that in uncertain situations the presumption should favor arbitrability.

*Niro v. Fearn Int'l, Inc.*, 827 F.2d 173, 175 (7th Cir. 1987); *see also Duerr*, 101 F. Supp.2d at 1063 (dismissing plaintiff's § 301 claim, which alleged a breach of a settlement agreement for failure to exhaust collective bargaining agreement's grievance procedures); *United Parcel Serv., Inc. v. Int'l Bhd. of Teamsters, Local 705*, No. 95-C-6304, 1998 WL 699670, at *6 (N.D. Ill. Sept. 30, 1998).

---

[2]Specifically, the settlement agreement included the Defendants' commitment to provide make-whole relief for all adversely affected employees, to implement the wage increases set forth in the Agreements, and to cease making deductions from employees' paychecks for health insurance premiums. The settlement agreement does not grant Local 4 any rights independent of the collective bargaining agreements; rather, it reaffirms rights conferred in those Agreements.

5

Local 4 has not alleged that it filed a grievance challenging Defendants' breach of the settlement agreement or that the settlement agreement has been expressly excluded from arbitration.³ It also failed to include a copy of the settlement agreement with its complaint. In the absence of any specific direction to the contrary, the settlement agreement is subject to the grievance procedures set forth in the Agreements. Therefore, we find that Local 4's failure to exhaust the grievance resolution procedures set forth in the Agreements is fatal to its claims.⁴

## CONCLUSION

For the foregoing reasons, we grant Defendants' motion to dismiss Local 4's complaint. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 8/12/04

---

³Local 4 contends that the settlement agreement is immune from arbitration because it is "final and binding." However, the mere use of the phrase "final and binding" does not necessarily mean that arbitration is not an option. The Seventh Circuit's standard requires parties to be explicit if they wish to bypass grievance procedures. For example, in *United Parcel Service*, a district court, relying on the Seventh Circuit's decision in *Niro*, held that a breach of a settlement agreement must be arbitrated when the underlying dispute is arbitrable regardless of whether the settlement agreement was considered a final decision under the collective bargaining agreement. 1998 WL 699670, at *6, 8. Consequently, Local 4 must enforce the settlement agreement by filing another grievance because all disputes arising under the Agreements are subject to the grievance procedures unless they have been excluded from such procedures explicitly.

⁴There are two exceptions which allow employees to seek adjudication in federal court despite their failure to exhaust administrative remedies. *Duerr*, 101 F. Supp.2d at 1061 (*citing Vaca v. Sipes*, 386 U.S. 171, 185 (1967)). The first exception arises "when the conduct of the employer amounts to a repudiation of the contractual procedures." *Id.* This exception is inapplicable here because Defendants have not repudiated the grievance resolution procedures of the Agreements. In fact, in their motion to dismiss, Defendants argue that the grievance resolution procedures should be utilized to resolve the parties' dispute over the enforcement of the settlement agreement. The second exception arises "when the union has the sole power to invoke the higher stages of the grievance procedure and the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." *Id.* Again, this exception does not apply because Local 4 has brought this action on behalf of its members; there is no "employee-plaintiff" involved in the case.

6

```
===========================================================================================
       |     | DOCKET  |  TERMINATION   |   |       |DIVERSITY|  R  |        | JUDGE/  |
DIST   |OFF  |YR NUMBER| Mo  Day  Yr    | J | N/S  O| PLT|DFT |  23 | DEMAND | MAG NO  | COUNTY
-------------------------------------------------------------------------------------------
                                                                             5235
0752   | 1   | 4 | 3598| 8/12/04        | 3 | 720  1|    |    |     |   n    |         | 17031
===========================================================================================
```

Svc Empl Intl Union -VS- EMI Ent Inc

I PROCEDURAL PROGRESS                                           Judgment On:

Before Issue Joined          *   II DISPOSITION                 04___Default
                             *
01___No Court Action         *   00___Transfer to Other District 05___Consent
                             *
02___Order Entered           *   10___MDL Transfer              06_X_Motion Before Trial
                             *
11___Hearing Held            *   01___Remanded to State Court   15___Award of Arbitrator
                             *
12___Motion Decided          *   11___Remanded to U.S. Agency   16___Case Stayed Pending Bkruptcy
                             *
                             *       Dismissed                  07___Jury Verdict
                             *
After Issue Joined           *   02___Want of Prosecution       08___Directed Verdict
                             *
03___No Court Action         *   03___Lack of Jurisdiction      09___Court Trial
                             *
04_X_Judgment on Motion      *   12___Voluntarily               17___Other
                             *
05___Pretrial Conference     *   13___Settled                   18___Statistical Closing
                             *
06___During Court Trial      *   14___Other
                             *
07___During Jury Trial       ********* III NATURE OF JUDGMENT *********************************
                             *
08___After Court Trial       *   0_X_No Monetary Award    3___Injunction
                             *
09___After Jury Trial        *   1___$_____Only          4___Forfeiture, Foreclosure, Etc.
                             *
10___Other                   *   2___$_____And Other     5___Costs Only  6___Costs & Attorney Fees
                             *
============================================================== **  IV JUDGMENT FOR:****
SHOW DATES|    DATE     |    DATE      |    DATE     |    DATE       *
          | ISSUE JOINED| PRETRIAL CONF| TRIAL BEGAN | TRIAL ENDED   * 1___Plaintiff
  IF      |             |              |             |               *
APPLICABLE|             |              |             |               * 2_X_Defendant
          |             |              |             |               *
-------------------------------------------------------------------- * 3___Both